Case 12-01875   Doc 6   Filed 02/05/13   Entered 02/06/13 06:25:54   Desc Main
Document      Page 1 of 3

12-01875:5.2:Motion for Entry of Default:Exhibit proposed findings and conclusions Entered: 1/16/2013 7:22:02 AM by:Jonathan Parker Page 1 of 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-38962 |
| | ) | |
| Daniel A Whalley and | ) | Hon.  Jack B. Schmetterer |
| Viviana A Aspera | ) | |
| Debtors | ) | Chapter 13 |
| | ) | |
| ————————————— | ) | ————————————— |
| | ) | |
| | ) | |
| Daniel A Whalley and | ) | Adv No.  12-01875 |
| Viviana A Aspera | ) | |
| Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| Citibank | ) | |
| | ) | |
| Defendant | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Citibank, the following findings of fact and conclusions of law are made and will be entered:

1.      Plaintiffs are individuals residing at 4905 S. Karlov Ave., Chicago, IL 60632.

2.      Citibank is a lender and/or servicer of mortgages.

3.      Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 09/29/2012 in the Northern District of Illinois, case number 12-38962.

4.      This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5.   This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6.   Plaintiffs are the owners of real estate located at 4905 S. Karlov Ave., Chicago, IL 60632 described as follows:

Common Address: 4905 S. Karlov Ave., Chicago, IL 60632

Parcel ID #: 19-10-222-002-0000

7.   The fair market value of the real estate is $195,000 pursuant to Exhibit A to the original adversary complaint.

8.   A first mortgage lien is currently held by Citibank in the amount of $240,387.82 pursuant to Exhibit B to the original adversary complaint.

9.   Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10.   The amount owed on the first mortgage, $240,387.82, exceeds the value of the above real estate, $195,000.

11.   Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed: _____

Jack B. Schmetterer    FEB 0 5 2013

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603